JEREMIAH F. KINNEY,

*vs.*

NEHEMIAH REDDEN AND MESHACH ELLIOTT.

*New Castle, Sept. T.* 1837.

An injunction will not be granted to restrain a party, holding the legal title to an undivided share of intestate real estate, from exercising the right, attaching to such share, of accepting the intestate real estate in the Orphans Court.

MOTION FOR AN INJUNCTION TO RESTRAIN THE ACCEPTANCE OF INTESTATE LANDS IN THE ORPHANS COURT.—The complainant had filed a bill for the specific performance of a parol contract between himself and the defendant, Nehemiah Redden, for the conveyance of an undivided share of the intestate real estate of Nathaniel Mitchell deceased, situated in Sussex county. The undivided share in controversy had descended to William J. Mitchell, the eldest son of the intestate ; Redden having purchased this share at Sheriff's sale under an execution against Mitchell. The bill set forth the terms of the parol contract, and alleged a part performance of it by the delivery of possession of

the premises to the complainant; and prayed a decree for specific performance. At the filing of the bill proceedings for partition of the intestate real estate of Nathaniel Mitchell, deceased, were pending in the Orphans Court. The freeholders appointed to make partition had returned to the Court that the lands could not be divided, without detriment to the parties interested, and that they had valued the same at $1703.61. Redden, after the making of the alleged parol contract with the complainant for the sale of the share of the intestate real estate which he held as assignee of William J. Mitchell, had sold and conveyed the same to Meshach Elliott, the other defendant in this suit; and Elliott as the assignee, having the legal title to this share, was about to exercise the right, attaching to it as the share of the eldest heir at law, to accept the lands at the valuation returned by the freeholders appointed to make partition. At this stage of the proceedings the complainant's bill was filed, and a motion made for an injunction to restrain the defendant, Elliott, from exercising his right of acceptance. The bill, in addition to the prayer for relief, prayed for an injunction to restrain the acceptance of the lands.

*C. G. Ridgely,* for the complainant.

*R. Frame,* for the defendant.

JOHNS, JR., CHANCELLOR.—The Orphans Court has exclusive jurisdiction as to the question of acceptance, the legislative provision on the subject having made that Court the tribunal primarily to decide, as in that Court alone the right can be exercised. To enjoin its proceeding and delay the exercise of the right of acceptance, because the party having it has contracted to sell by parol, and no deed executed, would be a serious injury to the other parties interested in the estate and entitled to their shares

of the valuation money. The question of right, or who is entitled to be admitted to accept, must be decided in the Orphans Court. If that Court err, the right of appeal exists. Injunction to restrain the party from claiming and exercising his right of acceptance, therefore, is not granted.